972 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Berry Chatman DUNHAM, Defendant-Appellant.
 No. 91-10443.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1992.*
Decided July 23, 1992.
 
 Before CANBY, REINHARDT and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Berry Dunham ("Dunham" or "appellant") pleaded guilty to three counts of bank robbery in violation of 18 U.S.C. § 2113(a), for which he received a sentence of ninety-two months' incarceration. Dunham now appeals from his sentence, arguing that the district court erred by refusing to grant his motion for subpoenas directed to the law enforcement agencies whose officers chased and caught him, and by accepting the presentence investigative report's ("PSI") recommendation that the appellant's offense level be increased by two points for reckless endangerment during the course of that chase. We affirm.
 
 
 3
 Taking the second issue first, we note that Dunham's sentence enhancement was based on U.S.S.G. § 3C1.2 (Nov. 1990), which provides for a two point[1] increase in a defendant's offense level "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." United States v. Lira-Barraza, 941 F.2d 745, 747 & n. 7 (9th Cir.1991) (en banc). Conduct is deemed to be reckless when
 
 
 4
 [T]he defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation.
 
 
 5
 U.S.S.G. § 2A1.4, comment. (n. 1) (Nov. 1990) (cited as controlling in U.S.S.G. § 3C1.2, comment. (n. 2) (Nov. 1990)).
 
 
 6
 The appellant argues that any reckless endangerment resulting from his flight was caused not by him but by the officers who chased him. In support of this novel proposition, Dunham contends that it was the police who caused the four traffic accidents mentioned in the police reports and in the PSI,[2] and that the officers involved were subsequently reprimanded as a result of their recklessness in pursuit. Whatever the truth of these allegations, the appellant's argument misses the point of the district court's ruling and ignores the evidence of his own misconduct.
 
 
 7
 Contrary to Dunham's assertion, the district court did not hold that a defendant's mere flight, without more, constitutes reckless endangerment. Instead, the court ruled that the appellant had engaged in reckless endangerment based on uncontroverted evidence showing, inter alia, that Dunham led authorities on an automobile chase lasting more than an hour and involving at least twenty pursuing officers in automobiles, motorcycle(s), and three helicopters; that the appellant's car reached speeds of at least seventy-five miles per hour in an area where such speed was excessive and unsafe to others; that Dunham drove onto a sidewalk and through an apartment complex's parking lot in an effort to evade his pursuers; and that the appellant fled on foot through a shopping mall and was finally stopped only after an officer fired two shots at him. These undisputed facts overwhelmingly support the district court's holding that Dunham's actions constituted reckless endangerment.[3]
 
 
 8
 Turning now to Dunham's first claim, we note that, whatever the propriety vel non of the district court's decision not to issue the requested subpoenas, any resultant error was obviously harmless. The appellant received the full benefit of his request by virtue of the district court's assuming that everything Dunham alleged with respect to the sought-for disclosures was true. As noted above, even if every one of the traffic accidents was caused by the pursuing police officers, and even if every officer involved in the chase was subsequently reprimanded for his conduct in the pursuit, those facts would have no bearing on whether Dunham had recklessly endangered others during the course of his flight from arrest.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The increase can be greater than two points "where a higher degree of culpability [i.e., greater than simple recklessness] was involved." U.S.S.G. § 3C1.2, comment. (n. 2) (Nov. 1990)
 
 
 [2]
 Although counsel for both parties to this appeal identify four automobile accidents resulting from the authorities' chase of Dunham, the PSI only mentions three such accidents
 
 
 [3]
 Although counsel for both parties have cited to cases discussing flight from police as constituting either "obstruction" under section 3C1.1, or "reckless endangerment" under section 3C1.2 of the Sentencing Guidelines, we recently noted that, "[W]hether a defendant recklessly endangered others while fleeing bears no logical relation to whether that defendant was obstructing the law enforcement officers who were attempting to apprehend him." United States v. Christoffel, 952 F.2d 1086, 1089 (9th Cir.1991)